IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. RHONE, | ) Civil Action No. 3: 15-cv-0229 |
| Petitioner, | ) |
|  | ) United States District Judge |
| v. | ) Kim R. Gibson |
|  | ) |
| COMMONWEALTH OF PENNSYLVANIA, ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, DISTRICT ATTORNEY FOR THE COUNTY OF BLAIR, and THOMAS McGINLEY, SUPERINTENDENT OF SCI COAL TOWNSHIP, | ) |
| Respondents. | |

## MEMORANDUM OPINION

Before the Court are the counseled Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") filed on behalf of Petitioner Thomas R. Rhone ("Petitioner" or "Rhone") (ECF No. 20), the Report and Recommendation of United States Chief Magistrate Judge Cynthia Reed Eddy recommending that the Petition be denied ("R&R," ECF No. 36), and Petitioner's counseled Objections to the R&R. (ECF No. 39). For the following reasons, the Report and Recommendation will be adopted, as supplemented, the Petition will be denied, and a certificate of appealability will be denied.

### I. STANDARD FOR REVIEWING A REPORT AND RECOMMENDATION

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Goney v. Clark*, 749 F.2d 5, 6 (3d Cir. 1984) (explaining

1

that *de novo* review is not required if objections are not specific). In doing so, the Court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C). The district court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676 (1980); *Goney*, 749 F.2d at 7. "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation *de novo* under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016). With regard to the portions of the R&R to which no objections are made, the district court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes.

## II. DISCUSSION

The Petition was referred to Chief Magistrate Judge Eddy, who issued a R&R recommending that the Petition be dismissed. While Rhone generally "opposes all the findings of the Report and Recommendation," he specifically objects to the recommendation that Claim Three of the Petition be dismissed. Respondents did not file a response to Petitioner's objections. His objections necessitate a *de novo* review of the R&R by this Court.

Insofar as Rhone has a general objection to all the findings of the R&R, the Court finds that such an objection is without merit and will be denied. An objection to a R&R must explain how the magistrate judge's analysis is alleged to have been wrong, why it was wrong, and how *de novo* review will achieve a different result on that issue. An objection that does nothing more than state a disagreement with the magistrate judge's suggested resolution, or simply summarizes

what has been presented before, is not an objection as that term is used in this context. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) (noting that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues - factual and legal - that are at the heart of the parties' disputes").

Turning to Rhone's objection regarding Claim III of the Petition, the Court finds that the magistrate judge correctly recommended that the claim was procedurally defaulted. Petitioner does not dispute that the claim is procedurally defaulted, but rather, for the first time, now argues that the procedural default should be excused under *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (quoting *Martinez v. Ryan*, 566 U.S. 1 (2012)). Thus, the Court will turn to Petitioner's argument that he can overcome the procedural default of his trial counsel ineffective assistance claim under *Martinez*.

For claims of ineffectiveness of counsel not preserved and thus defaulted on collateral review, *Martinez* provides a possible means for establishing cause to excuse the default. *Martinez*, 132 S.Ct. at 1315. The United States Court of Appeals for the Third Circuit recently repeated the requirements of the narrow exception to the doctrine of procedural default recognized by the United States Supreme Court in *Martinez*: "This exception is available to a petitioner who can show that: 1) his procedurally defaulted ineffective assistance of trial counsel has 'some merit;' and that 2) his state-post conviction counsel was 'ineffective under the standards of *Strickland v. Washington*." *Workman v. Superintendent Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019).

Here, the Court does not find that Petitioner's state post-conviction counsel was ineffective for failing to raise a claim of trial counsel ineffective assistance based on divided loyalties under the standards of *Strickland*. *Strickland* contains two prongs, a performance prong

3

and a prejudice prong, both of which must be met to prove an ineffective assistance of counsel claim. *Bey*, 856 F.3d at 238. To prove ineffective assistance of counsel under *Strickland*, a petitioner must prove " '(1) that his counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his client,' *i.e.*, that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Id.*, *citing Strickland*, 466 U.S. at 694. Our appellate court has reasoned that to prove that post-conviction counsel's performance caused petitioner prejudice, petitioner "must show that state post-conviction counsel could have obtained a different result had he presented the now-defaulted ineffective-assistance-of-trial-counsel claim." *Workman*, 915 F.3d at 939 (3d Cir. Feb. 12, 2019). Meaning, petitioner "must prove the merits of his underlying ineffective-assistance-of-trial-counsel claim in order to excuse the procedural default of that claim and obtain consideration on the merits." *Id.* The Third Circuit further clarified in *Workman* that for the purposes of a *Martinez* analysis, "what is important is that the underlying ineffective-assistance-of-trial-counsel claim is "substantial," not that a petitioner has, in fact, been "prejudiced" by trial counsel's deficient performance under Strickland." *Id.*

As to the first *Strickland* prong, there is a strong presumption that counsel's conduct was reasonable. *Strickland*, 466 U.S. at 689. As to the second prong, the United States Supreme Court held that "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Sixth Amendment guarantees a criminal defendant counsel's "undivided loyalty." *Government of Virgin Islands v. Zepp*, 748 F.2d 125, 131 (3d Cir. 1983). In *Mickens v. Taylor*,

4

the United States Supreme Court defined an "actual conflict" as "precisely a conflict that affected counsel's performance - as opposed to a mere theoretical division of loyalties." 535 U.S. 162, 171 (2002).

Here, Petitioner argues that his trial counsel had divided loyalties because counsel "knew that Mr. Lyles was willing to take responsibility and plead guilty." Obj. at 2. Petitioner argues that his trial counsel "was handicapped by the knowledge that Mr. Lyles had informed him that he was responsible for the crimes . . . [and, therefore] was not free to argue that Mr. Lyles committed the crimes because Attorney Passarello knew that Mr. Lyles had agreed to take responsibility for the crimes." Obj. at 3.

The Court finds that the record belies Petitioner's arguments that Attorney Passarello had divided loyalties which hampered his representation of Petitioner. Rather, the record evidence reflects that Attorney Passarello vigorously advocated on behalf of his client. Further, at the PCRA hearing, Attorney Passarello testified that he had numerous discussions with Petitioner and Eli Lyles about the potential for conflict of interest if they had inconsistent defenses. A motion to suppress was filed on behalf of both defendants and after the motion was denied, Eli Lyles sought separate counsel. Attorney Passarello acknowledged that at some point was informed that Mr. Lyles was willing to take a plea in return for the *nol pros* of charges against Petitioner and Mr. Robinson, the other co-defendant. PCRA Hearing Transcript, ECF No. 10, Exhibit F, at 42. However, Attorney Passarello further testified that he did not take that statement as a factual admission by Mr. Lyles, but rather he took the statement "<u>as Mr. Lyles was willing to fall on the sword for Mr. Rhone and Mr. Robinson</u>," as "<u>Mr. Lyles never indicated to me that he was fully and solely responsible for the drugs or the gun that was in the motor vehicle.</u>" *Id.* (emphasis added).

5

Rhone has made no showing or provided any record support for his assertion that his trial counsel's performance was affected by "divided loyalties." Nor has he shown that his trial counsel's performance was unreasonable or that his counsel acted under a conflict of interest. Accordingly, Rhone has failed to establish the "cause" in "cause and prejudice." For these reasons, the Court finds that Rhone has not shown that his claim of ineffectiveness of counsel has substantial merit under either *Martinez* or *Strickland* and Claim III will be denied.

Upon review of the R&R, as well of Rhone's objections thereto, the Court finds that Rhone's objections are unpersuasive. The Magistrate Judge's report offers a thorough, accurate, and well-reasoned analysis of the facts and legal issues pertinent to the claims raised in Rhone's habeas Petition.

### III. CERTIFICATE OF APPEALABILITY

The Court agrees with the Magistrate Judge's recommendation that a certificate of appealability should be denied. Jurists of reason would not find it debatable whether each of Rhone's claims should be denied . *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability will be denied as to each of Rhone's claims. The denial of a certificate of appealability does not prevent Rhone from appealing the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals. *See* Fed.R.App.P. 22(b)(1),(2).

### IV. CONCLUSION

After *de novo* review of the pleadings and documents in this case, together with the R&R and objections thereto, and in the exercise of sound judicial discretion, Rhone's objections will

be overruled, the R&R will be approved and adopted as supplemented herein, and a certificate of appealability will be denied. An appropriate Order follows.

August 29, 2019

Kim R. Gibson
United States District Judge

cc: All Counsel of Record
(via ECF electronic notification)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS R. RHONE, | ) Civil Action No. 3: 15-cv-0229 |
| Petitioner, | ) |
| | ) United States District Judge |
| v. | ) Kim R. Gibson |
| | ) |
| COMMONWEALTH OF | ) |
| PENNSYLVANIA, ATTORNEY | ) |
| GENERAL OF THE STATE OF | ) |
| PENNSYLVANIA, DISTRICT | ) |
| ATTORNEY FOR THE COUNTY OF | ) |
| BLAIR, and THOMAS McGINLEY, | ) |
| SUPERINTENDENT OF SCI COAL | ) |
| TOWNSHIP, | ) |
| Respondents. | |

**ORDER**

**AND NOW**, this 30th day of August, 2019, in accordance with the foregoing Memorandum Opinion,

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 36) is **ADOPTED** as the Opinion of the Court as supplemented herein.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

1

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

/s/ Kim R. Gibson
Kim R. Gibson
United States District Judge

cc: All Counsel of Record
(via ECF electronic notification)